## JONES & COMPANY v. NEWMAN.

Jones v.M.
110
109   288
110c 259
109   288
110   259
Case 3
115   304

FISH, J. 1. Nothing more appearing, a fi. fa. commanding levy to be made "on the goods and chattels, lands and tenements of [N., W. and R.], trustees of Zion Hill Baptist Church, or so much thereof as will make [stated amounts as principal and interest], which was adjudged against them at a justice's court," etc., is an execution against the three persons named in their individual capacities. The words " trustees of Zion Hill Baptist Church," being merely descriptio personarum, should be treated as surplusage.

2. Consequently, where such an execution was levied upon certain property as the property of N., and he filed a claim in which he set up that the property levied upon was his individual property, and

not that of "Zion Hill Baptist Church," and upon the trial of the
claim case the plaintiffs in fi. fa. introduced in evidence the execution
with the entry of such levy thereon, a prima facie case was made out
in their favor, the presumption being that the execution followed
the judgment from which it issued.    It was, therefore, erroneous,
after this evidence was submitted, for the justice, upon motion of
the claimant, to dismiss the levy upon the ground that the entry
of levy showed that the execution had not been levied upon prop-
erty of the defendant therein named.

3. It follows that the judge of the superior court erred in refusing to
sanction the plaintiffs' petition for certiorari, which set forth these
facts and alleged error in the ruling of the justice.

*Judgment reversed.    All the Justices concurring.*

Submitted October 9,— Decided October 28, 1899.

Petition for certiorari.    Before Judge Janes.    Polk county.
February 15, 1899.

*Hal Wright* and *C. E. Carpenter,* for plaintiffs.
*Fielder & Mundy,* for defendant.